UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY FLINT ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3526 |
| PROGRESSIVE CASUALTY INSURANCE COMPANY | * | SECTION L |

ORDER & REASONS

Before the Court is Defendant Progressive Casualty Insurance Company's 12(b)(6) Motion to Dismiss for Failure to State a Claim. R. Doc. 8. Plaintiffs oppose the motion, R. Doc. 11. Having considered the briefing and the applicable law, the Court rules as follows.

I.      BACKGROUND

This case arises from alleged damage to Plaintiffs Jerry Flint and Reingard Flint's residence caused by Hurricane Ida. R. Doc. 1 at 2. At the time, Plaintiffs allege in their Complaint that their residence was insured by Progressive Casualty Insurance Company. *Id.* Plaintiffs sued Progressive Casualty Insurance Company in this Court pursuant to diversity jurisdiction[1] seeking payments allegedly owed under the home insurance policy. *Id.*

Plaintiffs contend that their residence located in Raceland, Louisiana was severely damaged on August 29, 2021 by Hurricane Ida. *Id.* On September 16, 2021, their insurer adjusted the loss and determined that the damage totaled $27,414.63 after Plaintiffs' deductible and recoverable depreciation. *Id.* Plaintiffs, however, argue that this estimate undervalued the actual damage. *Id.* They hired an adjuster, who estimated that the damage was $233,102.36. *Id.* The

_____

[1] Plaintiffs state that they are Washington citizens (with a house in Louisiana) while Progressive is both incorporated, and with its principal place of business in Ohio. The amount in controversy allegedly exceeds $75,000.00. *Id.* at 1.

insurer received Plaintiffs' estimates on July 13, 2023, but allegedly has not responded or tendered any additional funds. *Id.* Plaintiffs complain that their property continues to deteriorate, while the cost of labor and materials has sharply increased. *Id.*

In this case, Plaintiffs assert a cause of action under La R.S. §§ 22:1892 and 22:1973. *Id.* at 3. According to Plaintiffs, the insurer violated the bad faith statutes by failing to timely tender proceeds after receiving satisfactory proof of loss. *Id.* Plaintiffs aver that the insurer misrepresented key facts and insurance policy provisions in its dealings with the Plaintiffs, which is prohibited under La R.S. § 22:1973. *Id.* They allege that they have suffered several forms of contractual and extra-contractual damages as a result, including: additional deterioration costs, grief, mental anguish, attorney's fees, and other associated damages. *Id.*

Progressive Casualty Insurance Company responded by filing the instant 12(b)(6) Motion to Dismiss. R. Doc. 8.

## II.    PRESENT MOTION

Progressive Casualty Insurance Company contends that Plaintiff has failed to state a claim because the home insurance policy was between Plaintiff and Progressive *Property* Insurance Company, not Progressive *Casualty* Insurance Company. R. Doc. 8 at 2. Progressive Casualty Insurance Company therefore argues that Plaintiff's claim against it should be dismissed. *Id.* On November 17, 2023, Plaintiffs filed a response in opposition in which they represent that they acknowledge this error and will be serving Progressive *Property* Insurance Company shortly to bring them into the suit as the proper party. R. Doc. 11. Plaintiffs also represent that they will file a motion to continue the hearing on this 12(b)(6) motion, but as of December 15, 2023, no such motion has been filed. Plaintiffs urge that dismissal is improper because both the original and new Progressive Defendants "knew or should have known that the action would have been brought had

it not been for a simple mistake concerning the party's identify." *Id.* at 2. Per the amended complaint filed on the same day as this opposition, see R. Doc. 10, Plaintiffs allege that any defect has been cured and the case should not be dismissed. *Id.*

### III.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### IV.    ANALYSIS

On November 17, 2023, Plaintiffs appropriately filed an amended complaint replacing Progressive Casualty Insurance Company with Progressive Property Insurance Company, which cured the defect forming the basis for the motion to dismiss. R. Doc. 10. On December 8, 2023 Plaintiffs served Progressive Property Insurance Company and that summons was returned executed on December 14, 2023. At this stage of the litigation, the Court will not dismiss the case

but will dismiss Progressive Casualty Insurance Company as a party to this suit, as it is undisputed they are not the issuer of the underlying insurance policy.

Accordingly, Defendant's 12(b)(6) Motion to Dismiss, R. Doc. 8, is **GRANTED** in that Plaintiffs' claim against Progressive *Casualty* Insurance Company is hereby **DISMISSED**. Because Plaintiffs have now served the correct Defendant and thereby brought Progressive *Property* Insurance Company into this litigation, granting the instant 12(b)(6) Motion does not dispense with the suit and functions only to dismiss Progressive *Casualty* Insurance Company as a party to this suit.

New Orleans, Louisiana, this 18th day of December, 2023.

_____
United States District Judge