UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY FLINT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3526 |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL. | * | SECTION "L" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition of Progressive and FED. R. CIV. P. 7.1 Corporate Disclosure. ECF No. 31. Defendant Progressive Insurance Company timely filed an Opposition Memorandum. ECF No. 44. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition is GRANTED IN PART AND DENIED IN PART and Motion to Compel FED. R. CIV. P. 7.1 Corporate Disclosure is DISMISSED AS MOOT for the reasons stated herein.

**I.     BACKGROUND**

Plaintiffs Jerry Flint and Reingard Flint filed suit to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds. ECF No. 10. Plaintiffs initially timely sued Progressive Casualty Insurance Company, which did not issue the applicable policy. ECF No. 1. Plaintiffs filed an amended complaint substituting Defendant Progressive Property Insurance Company ("PPIC"), which moved to dismiss the complaint on the basis of prescription, arguing that the amendment does not relate back because PPIC and Progressive

1

Casualty Insurance Company do not share an identity of interests.  *See* ECF Nos. 19, 19-1.  Judge Fallon granted PPIC's Motion to Opt-Out of Case Management Order or Stay Deadlines pending resolution of its Rule 12(b)(6) motion and later stayed PPIC's motion to dismiss pending the completion of the Rule 30(b)(6) deposition and the filing of a corporate disclosure statement.  ECF Nos. 12, 25, 36.  Despite Judge Fallon's ruling, PPIC has not agreed to provide dates for the Rule 30(b)(6) deposition.

Plaintiffs now move to compel PPIC's Rule 30(b)(6) Deposition and its Rule 7.1 corporate disclosure statement.  ECF No. 31.  Plaintiff argues that the relationship between PPIC and Progressive Casualty Insurance Company is critical to resolution of the motion to dismiss on the basis of untimely suit against PPIC after mistakenly naming Progressive Casualty Insurance Company.  ECF No. 31-1 at 2-3.  Plaintiff also seeks fees incurred for filing this motion.  *Id*. at 4.

In Opposition, PPIC argues that Plaintiff is not entitled to any discovery (including a Rule 30(b)(6) deposition despite Judge Fallon's order staying his ruling until completion of the Rule 30(b)(6) deposition) because they have failed to properly plead a claim under Rule 8.  ECF No. 44 at 1, 4-5.  PPIC also argues that, even if discovery were proper, the requested discovery is not relevant or proportional because it is not directed to either the substantive claim or the prescription issue, is unrelated to the sole issue of the relationship between PPIC and Progressive Casualty Insurance Company, ignores the information provided in PPIC's corporate disclosure filed on March 19, 2024 (ECF No. 41), and amounts to a fishing expedition.  ECF No. 44 at 1, 8-15.  PPIC asserts that Plaintiffs refused to confer about the scope of the Rule 30(b)(6) topics, and instead, filed this motion.  *Id*. at 3-4.

## II.     APPLICABLE LAW AND ANALYSIS

PPIC has filed its corporate disclosure. ECF No. 41. Accordingly, this portion of the motion is dismissed as moot.

### A. PPIC Contends Plaintiffs' Claim is Prescribed, Not that it Fails Rule 8

Citing cases involving complaints that were insufficient under Rule 8 (i.e., the complaints fail to set forth the required "short and plain statement of the claim showing the pleader is entitled to relief"), PPIC argues that Plaintiff is not entitled to any discovery. PPIC has not moved to dismiss this case on the basis that the claim is not facially plausible under Rule 8. Rather, PPIC seeks dismissal of Plaintiffs' Hurricane Ida claim on the basis of prescription because Plaintiffs sued the wrong entity and, it argues, untimely named PPIC as a defendant. *See* ECF No. 19. There is no question that Plaintiffs has stated sufficient facts to survive Rule 8 on their claim to recover insurance proceeds after damage to their property from Hurricane Ida. The issue is whether their claims have prescribed.

Whether Plaintiffs' amendment substituting PPIC will relate back to the filing of the original complaint for statute of limitation purposes is governed by Rule 15(c) of the Federal Rules of Civil Procedure. The purpose of Rule 15(c) is to balance the interests of the defendant protected by the statute of limitations with the preference for resolving disputes on their merits.[1] This entails

---

[1] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (citations omitted).

an inquiry into whether PPIC knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.[2]

### B. Discovery Relevant to the Rule 15(c) Analysis Must Proceed

Notice of the action will be inferred when there is an identity of interests between the original defendant and the substituted defendant.[3] "Identity of interest" generally means that the parties are so closely related in their business operations or other activities that suit against one serves as notice of the litigation to the other.[4] The required notice may also be imputed to the new party through shared counsel, which is reflected on the docket sheet in this case.[5] Accordingly, resolution of the Rule 12(b)(6) issue will depend on whether Plaintiffs can establish the necessary "identity of interests" for the amendment naming PPIC to relate back to the original filing date of suit against Progressive Casualty Insurance Company.

---

[2] In *Schiavone v. Fortune*, 477 U.S. 21 (1986), the Court interpreted Rule 15(c) to permit relation back if (1) the claim arose out of the conduct set forth in the original proceeding; (2) the party to be brought in received such notice that it would not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. In response to *Schiavone*, Rule 15(c) was amended to change the fourth relation-back factor. The Advisory Committee stated:
> [Subpart (3) was] revised to change the result in *Schiavone v. Fortune*, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name provided that the requirements of clauses (A) [notice] and (B) [mistake] have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.

FED. R. CIV. P. 15(c), Advisory Committee Notes (1991 Amendment) (emphasis added). The revised version of Rule 15(c) allows relation back if the required notice is within 120 days following the filing of the complaint (instead of the limitations period) or longer if good cause is shown. *See Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992).
[3] *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citations omitted).
[4] *Lee v. Denoux*, No. 16-16072, 2019 WL 2641286, at *5 (E.D. La. June 27, 2019) (citing *Kirk v. Cronvich*, 629 F.2d 404, 408 n.4 (5th Cir. 1980) (*overruled on other grounds by Schiavone*, 477 U.S. at 30), *superseded by* FED. R. CIV. P. 15(c) (1991)) (quoting 6 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1499, at 517 (1972))).
[5] *Jacobsen*, 133 F.3d at 320 (citations omitted); *see also Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir. 1987) (listing cases finding notice to shared sufficient to impute notice to new defendant).

Citing *Williams v. Progressive Property Insurance Company*, 2024 WL 1092542 (5th Cir. 2024), PPIC argues that the court should rule on its Rule 12(b)(6) motion without allowing any discovery. In *Williams*, the Fifth Circuit affirmed the district court's Rule 12(b)(1) dismissal without prejudice for lack of complete diversity where the evidence reflected that the insurer and the insured were both Louisiana citizens and there was no suggestion that the requested jurisdictional discovery would produce facts needed to withstand the Rule 12(b)(1) motion. *Williams*, however, involved a Rule 12(b)(1) dismissal without prejudice rather than the requested Rule 12(b)(6) with prejudice dismissal as sought in this case. More significantly, Plaintiffs seek discovery into the relationship between PPIC and the originally named defendant to determine whether they share the identity of interests necessary to allow the amendment to relate back and thus withstand the Rule 12(b)(6) motion.

Moreover, the filing of a Rule 12(b)(6) motion does not automatically stay discovery. Indeed, no federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a motion to dismiss.[6] Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss: "[H]ad the Federal Rules contemplated that a motion to dismiss under FED. R. CIV. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."[7]

A stay of discovery while dispositive motions are pending is the exception rather than the rule.[8] As a matter of federal procedure, a request to stay discovery is considered a motion for

---

[6] *See, e.g., Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 14-257, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("motion to dismiss does not automatically stay discovery ... until the motion is resolved.") (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc*., No. 08-774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)). In fact, a stay of discovery pending resolution of a motion to dismiss is the exception rather than the rule." *Id.* (quotation omitted) (quoting *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1).

[7] *Valenzuela v. Crest-Mex Corp*., No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (citation omitted).

[8] *Notariano v. Tangipahoa Par. Sch. Bd.,* No. 16-17832, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citation omitted); *Griffin v. Am. Zurich Ins. Co*., No. 14-2470, 2015 WL 11019132, at *2 (staying discovery while a motion to dismiss is pending "is the exception rather than the rule.") (citation omitted).

5

protective order under FED. R. CIV. P. 26(c)(1)(A), (B).  As such, the movant seeking a stay of discovery must establish good cause to support the issuance of a protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[9]  PPIC appears to argue that good cause exists to limit the Rule 30(b)(6) deposition to those topics necessary to address relation back under Rule 15(c).  That approach would appear consistent with Judge Fallon's orders staying this proceeding until resolution of the Rule 12(b)(6) motion.

### C. Rule 30(b)(6) Depositions

A party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[10]  In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[11]  As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.  The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[12]

---

[9] *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also United States v. Talco Contractors, Inc*., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").  Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 WL 1976867, at *1 (quoting FED. R. CIV. P. 26(c)(1) ) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 436 (5th Cir. 1990)). Given the court's "broad discretion to manage the conduct of discovery, ... [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec*., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).
[10] FED. R. CIV. P. 30(b)(6).
[11] *Id.*
[12] *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006) (quotations and citations omitted).

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[13]

Effective December 1, 2020, Rule 30(b)(6) was amended to provide, in pertinent part: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." This new "confer in good faith" provision requires litigants to confer about the examination topics, and the list of matters for examination may be refined so that the organization may be better able to designate and prepare an appropriate witness or witnesses. This new requirement also enables litigants to address other potential process issues, such as the timing and location of the deposition as well as the number of witnesses and the matters upon which they will testify. *See* FED. R. CIV. P 30(b)(6), advisory committee's notes to 2020 amendment.

Plaintiff's Topics a, b, c, d, e and m relate to the corporate relationships of various Progressive entities. These topics are questionably appropriate for immediate discovery on the issue certainly subject to the pending Rule 12(b)(6) motion and which Judge Fallon directed by completed prior to his ruling on same. These issues all relate to facts surrounding whether the original defendant and substituted defendant have a sufficient "identity of interests" to trigger Rule 15(c), including whether notice to another entity satisfies the requirements of notice to the substituted defendant. The remaining topics, however, do not appear to relate to the Rule 15(c) issue and instead appear more merits-based discovery. At this time, however, PPIC has not sought a protective order pursuant to Rule 26(c). Rather than delay matters further, the Rule 30(b)(6) deposition must proceed immediately with regard to topics a, b, c, d, e and m. The parties must

---

[13] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citations omitted).

confer regarding the remaining topics. With regard to merits-based issues and any concerns regarding the need to address same in this single deposition, the Court will allow Plaintiff to take a second Rule 30(b)(6) deposition as to any merits-based issues should the Rule 12(b)(6) motion be denied and the stay lifted. Of course, the parties may agree to include any other topic they agree is appropriate. As to any disputed topic, PPIC must file a Motion for Protective Order establishing good cause for any further limitation.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Compel PPIC's Rule 30(b)(6) Deposition is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Corporate Disclosure Statement is DENIED AS MOOT.

New Orleans, Louisiana, this __17th__ day of April, 2024.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE